Thank you for John Ballas behalf of the defendant Leonard Walter. I'm intending to serve two minutes. Defendant Leonard Walter received ineffective assistance of counsel when he was able to realize that the first step back had been amended, amended the safety valve statute in a way that then made eligible for a sentence below the mandatory minimum. Had she been aware of the change in the law, it is likely that Walter would have received a sentence below 10 years. Yeah, but why isn't this governed by the waiver? Well, there's four reasons in the break. The first is that the waiver is vague, circular, and ambiguous and should be construed against the government, is not including the claim here. The waiver itself says that the defendant agreed to all 2255 actions except for non-waivable claims. So it's essentially saying it waives claims except for non-waivable claims. It does not make clear that it waives ineffective assistance claims, claims based on changes in the law, and the case law is clear. It waives collateral attacks and of course one of the primary means of collateral attack is ineffective assistance and it's of course conceivable that counsel could render ineffective assistance in connection with the sentencing. So why isn't this within the contemplation of the waiver by its It's just a circular provision that it waives except for non-waivable claims and it should be, if it's going to have a provision that says certain claims are non-waivable, it should give more information, more notice to be enforceable. In the, for example, in the Schuman case, the Ninth Circuit case cited by the prosecution, it said it waived all claims except then it set forth exceptions not covered by the waiver. And this court held that defendants claimed that sentencing guidelines was incorrectly calculated, was barred because it was not within one of those exceptions. And so we believe that it's too ambiguous, it's too circular, and it should not be enforced. Even if we accept what you've been stating, it seems to me to be very difficult for us to accept your position without figuring some way to get around Davies. It seems to me that we've already established the law. Without going in bank, I don't see how our panel can distinguish Davies. Could you give me some help on that? Yes, yes, Judge Wallace. I think Davies is distinguishable in that it was a broad waiver that said the defendant waived all claims. It didn't have this specific ambiguous provision that stated that some claims are non-waivable. And I think it could be distinguished on that ground. And I think that... Well, maybe I'm not following your argument. You agree that your claim here is not one that the courts have said is non-waivable, yes? I don't think there's a controlling Ninth Circuit decision that says that. I agree. So what does it matter whether, to the benefit of your client, he wasn't waiving things that have been determined to be non-waivable? That's just an added advantage to him, but it has no relevance to this case. Well, for example, our second argument was that the waiver should be invalid with respect to sentences below the mandatory minimum. I think the court has the power, the authority to determine which claims are waivable and which are not. The Ninth Circuit has already said that you cannot waive a claim that your sentence is above the statutory maximum. And then I think the same sense, this claim is an evidence that you should be able to bring a claim, despite the waiver, that the sentence should have been below the statutory maximum, other than the fact that everyone missed that the defendant was eligible for the safety belt. And then, you know, I think it also falls, the court has set forth a miscarriage of justice exception. It hasn't delineated exactly what that means. But here, this was a situation where our position is, it is a miscarriage of justice. Everyone missed the fact that he would have been eligible for the safety belt. His counsel stated so in the declaration. And for those reasons, I think the waiver should not be enforced. I'm sorry, I'm not seeing a clock on my thing. I'm not sure how much time I have left. You have four minutes and 32 seconds. Thank you. So for all those reasons, I believe that the waiver is, should be enforceable. This is a situation where it's an ineffective assistance claim. The judge has said that if his hands were tied by the mandatory minimum, but that if he could sentence below the mandatory minimum, he would. He thought that Mr. Walter was doing well by the time of sentencing. There's no reason to think that Mr. Walter wouldn't have given a safety belt proper, a proper, a debriefing statement by the time of the sentencing in 2019, we were passed the statute of limitations. He agreed to a detailed statement, a factual basis to the play agreement. It set forth the names of his two co-defendants and what they did. The pre-sentence report lists forth other members that were purported to be in his Vagos motorcycle gang. And there's a big difference between a safety valve debriefing statement and a substantial assistance to authorities. The fact that Mr. Walter refused to provide substantial assistance does not mean he would not provide a safety valve statement. And this case, this court has already said so in the Mejia Pimentel case, and I will reserve my remaining time for rebuttal. All right. Thank you, counsel. We'll hear now from Mr. Hitt. Good morning, your honors. May it please the court, Jason Hitt on behalf of the United States. As the court has hit upon in the opening argument, the government believes the waiver is enforceable. This falls within the express terms of the waiver in the plea agreement. So there's this exception for miscarriage of justice. So let me ask you, let's take a hypothetical. Supposing that a statute which had a 10-year mandatory minimum was amended two days before a defendant's sentence, after he had entered a plea bargain, after he had signed a waiver, and it was reduced to and the judge in my hypothetical said, gee, I'm really troubled by this 10-year mandatory minimum, but I can't go below it because it's mandatory. And he was wrong because the law had changed. Would that be a miscarriage of justice? Well, you have a different set of facts or a legal change because the statute itself has existed before, during, and after his plea. The judge here seems not to have been aware of that. He says, quote, honestly, I would give you a sentence below 120 months if I could, but I can't unless the law changes. So that was a correct statement at the time because at that time and since Mr. Walter never satisfied the fifth requirement of the statute. So the court was correct. And I think it's worth noting after. Because he thought he, under the laws that then existed, it wouldn't do him any good. Well, it wasn't just the laws. It was that Walter hadn't provided the fifth required item. So the judge couldn't have, under any circumstance, the law changed. It broadened the eligibility on one that allowed Mr. Walter to be qualifying for having greater criminal history. But the First Step Act did nothing to change the fifth requirement. So the court's statement is accurate at the time of sentencing. Doesn't that go to prejudice? I mean, whether or not the First Step Act did apply here? The reality is that the First Step Act, which was passed in between the guilty plea and the sentencing, was overlooked. Well, I think if you read Ms. Bavino's declaration, an excerpt of Record 83, what she claims, what she says under oath, I think is dispositive on the question of prejudice in that she says he was never willing to do an interview for substantial assistance, but may have wanted to do the safety valve. And what this court said in Martinez, Carranza, and Thompson is that is a distinction without any difference. And so, although Ms. Bavino may not have understood. Well, excuse me. Forgive me. I can't remember what the court said specifically. But in the context of this case, where he was afraid that if he became a co-operator, he would face retaliation, that same feared doesn't necessarily operate when all you're doing is giving a safety valve property. Well, that what the court is saying is not what the Ninth Circuit has held. And that is that the course of conduct and the inquiry in a safety valve interview is wide ranging. And it's what's known as tell all you can provision. And in this particular case, although Mr. Ballas noted the factual basis described the two co-defendants of Mr. Walter, if you read the factual summary in the government's brief and PSR paragraph six through nine, Mr. Walter's conspiracy and what he pled to was a very small sliver of the course of conduct and the common plan that is the subject of the fifth requirement of safety valve or substantial assistance was much broader as a much broader conspiracy involving Vagos gang members, high ranking members, the people he admitted guilt to in his factual basis, where one was an underling and one was a drug supplier who was adjacent to the gang. So there's nothing in the record to demonstrate besides speculation that Mr. Walter ever would have come in to do any type of interview. And in fact, there's nothing in the record demonstrating after sentencing when the statute makes it ineligible that he's ever provided that it's not before this court. And I think that's why the magistrate and why the district court affirmed the rejection of that speculation. There's just disagree with you on that point. And we thought that the first step back made a difference. Then is the the answer is that he still loses even though the council was ineffective and overlooked an argument that would have resulted in a lower sentence. Well, I would disagree with the second premise of the question that it would have resulted because we don't have that evidence. But assuming the court found that they're the first step back should have been advised to I do think he still loses on the waiver, because this is the type of claim that can be waived. The miscarriage of justice question that Jed, Judge Rakoff mentioned, I don't think has been fleshed out. And certainly sentencing claims of ineffectiveness can be waived and were waived here within the express terms of the waiver. But was this was in the contemplation of the waiver when the law had not even been enacted at the time that the plea and the waiver were accepted? Well, the the waiver is broad, and it was the issue of the statutory maximum, I'm sorry, minimum. And the idea that this is a miscarriage of justice is undermined by the facts themselves for Mr. Walter. For example, the text of his plea agreement clearly stated he was subject to a 20 a 10 year mandatory minimum. During the rule 11 colloquy, the judge specifically mentioned you're subject to a 10 year mandatory minimum. And then to Judge Rakoff's query earlier, the judge at sentencing said, you know, 10 seems high, I wish I could give you less. But what I think is important is when he had an opportunity, the same district judge to review the findings and recommendations. He said, although I said that, I see you are still ineligible under the law. And I agree with Judge Delaney, the magistrate court 100%. And neither court below reach the issue waiver. But I think this court should reach it. And I think under Davies, it is dispositive here. Unless there are further questions, I'm prepared to submit. All right. Thank you, counsel. Thank you. Mr. Ballas, you have I think, just about three minutes left. Thank you, Your Honor, I just have a couple points. The first of all, I don't think it's accurate to say that there's nothing in the record to show that Mr. Walter would have provided a safety valve statement. In fact, in 2255 proceedings, his counsel offered to have Mr. Walter submit to an oral safety valve debriefing statement. The government refused that. And then counsel provided a written safety valve statement that the government did not contest the accuracy of the truth. My remaining point is that the government argued there's no substantial distinction between not wanting to give substantial assistance and a safety valve statement. But I think commental this court's decision rejects that because in that case, the defendant initially refused to cooperate. And then before his third sentencing hearing after appeal, he finally did give a debriefing statement. And the court found that that was sufficient. Thank you. Thank you, counsel. The case just argued will be submitted.
judges: Wallace, Rakoff, Collins